| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS | **DEFENDANTS**<br><br>TOLLIS, INC., a California Corporation |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Law Office of William P. Fennell, APLC<br>1111 Sixth Avenue, Suite 404<br>San Diego, CA 92101<br>Tel: (619) 325-1560 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor      ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor      ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Declaratory Relief - 28 U.S.C. § 2201

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11 - Recovery of money/property - § 542 turnover of property<br>☐ 12 - Recovery of money/property - § 547 preference<br>☐ 13 - Recovery of money/property - § 548 fraudulent transfer<br>☐ 14 - Recovery of money/property - other | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61 - Dischargeability - § 523(a)(5), domestic support<br>☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury<br>☐ 63 - Dischargeability - § 523(a)(8), student loan<br>☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21 - Validity, priority or extent of lien or other interest in property | ☐ 65 - Dischargeability - other |
| **FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h) | **FRBP 7001(7) – Injunctive Relief**<br>☐ 71 - Injunctive relief - reinstatement of stay<br>☐ 72 - Injunctive relief - other |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41 - Objection / revocation of discharge - § 727(c),(d),(e) | **FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81 - Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51 - Revocation of confirmation | **FRBP 7001(9) Declaratory Judgment**<br>[1] 91 - Declaratory judgment |
| **FRBP 7001(6) – Dischargeability**<br>☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims<br>☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(10) Determination of Removed Action**<br>☐ 01 - Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa *et.seq.*<br>☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Pacers, Inc. ||| BANKRUPTCY CASE NO.<br>09-12738-LA11 |
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District of California || DIVISIONAL OFFICE<br>San Diego | NAME OF JUDGE<br>Honorable Louise DeCarl Adler |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF || DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/William P. Fennell ||||
| DATE<br>February 22, 2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>William P. Fennell, Esq. |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

William P. Fennell, Esq. (#164210)
Lisa Torres, Esq. (#137945)
Tracy L. Schimelfenig, Esq. (#243714)
Law Office of William P. Fennell, APLC
1111 Sixth Avenue, Suite 404
San Diego, CA  92101
Tel: (619) 325-1560
Fax: (619) 325-1558

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | Case No. 09-12738-LA11 |
| PACERS, INC., | Adversary Case No. _____ |
| Debtor. | **COMPLAINT FOR DECLARATORY RELIEF** |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | |
| Plaintiff, | |
| v. | |
| TOLLIS, INC., a California Corporation. | |
| Defendant. | |

COMES NOW, the Official Committee of Unsecured Creditors ("OCC" or "Plaintiff"), alleges as follows:

**PARTIES**

1.  On or about August 27, 2009 (the "Petition Date"), the debtor, Pacers, Inc. ("Debtor") filed for relief pursuant to the provisions of Chapter 7 of Title 11, of the United States Bankruptcy Code, Southern District of California.  The OCC was appointed on

1  October 6, 2009.

2      2. Based on information and belief, defendant, Tollis, Inc., is a California corporation, ("Defendant"), doing business in San Diego, California, County of San Diego.

    3. Defendant is an insider of the debtor as that term is defined by 11 U.S.C. §101 (31).

## JURISDICTION/VENUE

    4. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A)(B), and (O). This Court has jurisdiction over the subject matter of this adversary proceeding based on 28 U.S.C. §§ 157(a) and 1334(b) and general order 312-D of the United States District Court, Southern District of California.

    5. Venue is based on 28 U.S.C. § 1409(a) in that the instant proceeding is related to the Debtor's bankruptcy case, which is still pending.

    6. This Complaint initiates an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001(1).

## GENERAL ALLEGATIONS

    7. Tollis and the Debtor entered into what is alleged to be a lease dated September 1, 1999, for which the Debtor rents real property from Tollis (the "Original Agreement"), to be used as a parking lot at property commonly know as 3426 Midway Drive, San Diego, California, and more particularly described in Exhibit "A".

    8. Tollis and the Debtor entered into an amendment to the Original Agreement dated May 1, 2006, but effective as of September 1, 2005 (the "Amendment"). The Original Agreement and Amendment are collectively referred to herein as the "Operative Agreement".

    9. The Amendment reduced the rent from $39,000 to $26,500 for the period of September 1, 2005, through August 31, 2006, so that the Debtor could catch up its 6-month rent arrearage relating to the premises.

    10. Debtor alleges that the current monthly rent due pursuant to the Operative Agreement is $50,000 per month ("Alleged Current Monthly Rent") as of September 1,

2009.

11. Plaintiff is informed and believes that all of the Alleged Current Monthly Rent has been paid to Tollis post-petition.

## CLAIM FOR RELIEF

### (28 U.S.C. § 2201- Claim For Declaratory Relief)

12. Plaintiff realleges and incorporates by reference paragraph 1 through 11 of this Complaint as though fully set forth herein.

13. Plaintiff alleges that the Operative Agreement is not a true and/or bona fide lease subject to the terms and provisions 11 U.S.C. §365 and further need not be assumed or rejected within the time proscribed by 11 U.S.C. §365(d)(4) or any section of the Bankruptcy Code.

14. Defendant contends that the Operative Agreement is a true and/or bona fide lease subject to the terms and provisions 11 U.S.C. §365 and further must be assumed within the time proscribed by 11 U.S.C. §365(d)(4) or be deemed rejected.

15. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning whether the Operative Agreement is a true or bona fide lease subject to the terms and provisions 11 U.S.C. §365 and whether the Operative Agreement must be assumed with the time proscribed by 11 U.S.C. §365(d)(4).

16. A judicial declaration is necessary and appropriate at this time in order that the Court may ascertain the extent, validity and true nature of the Operative Agreement and the effect such a determination will have on the bankruptcy estate.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

## CLAIM FOR RELIEF

1. That the court make a finding that the Operative Agreement is not a true or bona fide lease subject to 11 U.S.C. §365;

2. That the court make a finding that the Operative Agreement need not be assumed or rejected the time proscribed by 11 U.S.C. §365(d)(4);

/ / /

1    3.    For such other relief as the Court deems necessary and proper; and

2    4.    If appropriate, attorney's fees and costs to Plaintiff.

3                                    LAW OFFICE OF WILLIAM P. FENNELL, APLC

5    Dated: February 22, 2010         By: /s/William P. Fennell
                                          William P. Fennell, Esq.
6                                         Attorneys for Official Committee of Unsecured
                                          Creditors

- 4 -

## EXHIBIT A

LAND SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO, AND DESCRIBED AS FOLLOWS:

ALL THAT PORTION OF LOT 240 OF THE PUEBLO LANDS OF SAN DIEGO, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF MADE BY JAMES PASCOE IN 1870, A COPY OF WHICH SAID MAP WAS FILED IN THE RECORDER'S OFFICE NOVEMBER 14, 1921 AND IS KNOWN AS MISCELLANEOUS MAP NO. 36, DESCRIBED AS FOLLOWS:

COMMENCING AT THE MOST NORTHERLY CORNER OF SAID PUEBLO LOT 240; THENCE SOUTHEASTERLY ALONG THE NORTHEASTERLY LINE OF SAID LOT, A DISTANCE OF 150.00 FEET TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING SOUTHEASTERLY ALONG SAID NORTHEASTERLY LINE A DISTANCE OF 150.00 FEET; THENCE SOUTHWESTERLY ALONG A LINE PARALLEL WITH THE NORTHWESTERLY LINE OF SAID LOT, A DISTANCE OF 830 FEET MORE OR LESS TO THE NORTHERLY LINE OF MIDWAY DRIVE - FORMERLY INGRAHAM STREET - AS NOW ESTABLISHED; THENCE WESTERLY ALONG SAID NORTHERLY LINE OF MIDWAY DRIVE, BEING ALONG A CURVE CONCAVE NORTHERLY AND HAVING A RADIUS OF 645.00 FEET FOR A DISTANCE OF 160 FEET MORE OR LESS TO ITS INTERSECTION WITH A LINE DRAWN SOUTHWESTERLY FROM THE TRUE POINT OF BEGINNING, SAID LINE BEING PARALLEL WITH THE NORTHWESTERLY LINE OF SAID PUEBLO LOT 240; THENCE NORTHEASTERLY ALONG SAID PARALLEL LINE A DISTANCE OF 880 FEET MORE OR LESS TO THE TRUE POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION LYING WITHIN ARENA PLAZA SUBDIVISION, ACCORDING TO MAP THEREOF NO. 6629, FILED IN THE OFFICE OF COUNTY RECORDER OF SAN DIEGO COUNTY.

WF1221